UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jevaughn Elmes,<br><br>                    Plaintiff,<br><br>— against —<br><br>City of New York, Dennis Wu and John Does ##1-10,<br><br>                    Defendants. | Index No. 22-cv-7853<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## **PARTIES**

1. Plaintiff Jevaughn Elmes is a resident of Brooklyn, New York.

2. Defendant Dennis Wu is a New York City Police Officer in the 67th Precinct.

3. John Does #1-#10 are New York City police officers who work in the 19th Precinct.

4. Defendant City of New York is a municipal corporation in the State of New York.

## **JURISDICTION AND VENUE**

5. This action arises under 42 U.S.C. §§ 1983 and 1988 in addition to the laws of the City of New York.

6. Jurisdiction lies in this Court over claims against employees of the New York City Police Department under its federal question and civil rights jurisdiction, 28 U.S.C. §§ 1331 and 1343.

7. Jurisdiction also exists over City law claims against the Defendants under 28 U.S.C. § 1367.

8. Venue is proper in this Court under 28 U.S.C. § 1391 because Plaintiff's claims arose within the Eastern District of New York.

## FACTS

9. Jevaughn Elmes was biking home on September 29, 2021.

10. He was stopped by police officers for purportedly going the wrong way down the street on his bicycle for the small portion of the block until he returned home.

11. The officers were in fact targeting Mr. Elmes because they had been involved in an incident with his partner the prior year, wherein they falsely accused her of a crime.

12. Rather than issue Mr. Elmes a ticket, the officers assaulted him and took him violently to the ground.

13. Mr. Elmes was thrown on top of his bicycle and pinned against it, injuring his body.

14. He was then placed in excessively tight handcuffs which left scarring on his hands and numbness for hours.

15. Another stuck his knee into Mr. Elmes's chest and another a knee into his groin, with a third officer was pulling his leg.

16. A John Doe sergeant drew his Taser and pointed it at Mr. Elmes's head.

17. The officers put Mr. Elmes in handcuffs and took him to their vehicle.

18. Defendant Wu slammed Mr. Elmes's head into the side of his vehicle gratuitously.

19. Mr. Elmes was then taken to the 67th Precinct, where he had his butt crack fondled by one of the John Doe officers who arrested him and then was laughed at by the officers.

20. While at the precinct for 15 hours, Mr. Elmes was without his shoes and had his feet shackled.

21. He was eventually taken before a judge in Brooklyn criminal court where he accepted an Adjournment in Contemplation of Dismissal.

22. Mr. Elmes suffered permanent injuries and mental anguish as a result of the assaults.

## FIRST CLAIM FOR RELIEF
### Excessive Force/Assault and Battery
*Under New York State and City Law and pursuant to 42 U.S.C. § 1983 for Defendants' Violations of Plaintiff's Rights Under the Fourth and Fourteenth Amendments to the United States Constitution*

23. Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

24. Defendants used force against Plaintiff that was unjustified and objectively unreasonable, taking into consideration the facts and circumstances that confronted Defendants.

25. The types and levels of force Defendants used against Plaintiff were unjustified and objectively unreasonable, taking into consideration the facts and circumstances that confronted Defendants.

26. As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of their federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

27. Under New York City Law Administrative Code § 8-801 *et seq.* the City of New York is responsible for the actions of its officers and qualified immunity is not a defense to such force.

WHEREFORE, Plaintiff Jevaughn Elmes demands judgment against the above-captioned Defendants as follows:

a. For compensatory damages, jointly and severally, in an amount to be determined at trial, but not less than five hundred thousand dollars;
b. For punitive damages, jointly and severally, in an amount to be determined at trial;
c. For reasonable attorneys' fees, costs, and disbursements, under 42 U.S.C. § 1988 and other applicable laws;
d. For pre- and post-judgment interest as allowed by law; and
e. For such other relief as this Court deems just and proper.

Dated:   New York, New York
         December 26, 2022

                                        WERTHEIMER LLC

                                   By:  _____
                                        Joel A. Wertheimer
                                        14 Wall Street, Suite 1603
                                        New York, New York 10005
                                        (646) 720-1098
                                        joel@joelwertheimer.com